UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY | CIVIL ACTION NO. 6:12-cv-02315 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| TECHNICAL INDUSTRIES, INC. | BY CONSENT OF THE PARTIES |

### ORDER

Considering the motion for expedited consideration (Rec. Doc. 87) of Evanston Insurance Company's motion to strike (Rec. Doc. 86),

IT IS ORDERED that the motion is GRANTED, with oral argument having been heard on November 24, 2014.

Considering the motion to strike (Rec. Doc. 86), which was filed by Evanston Insurance Company and sought to strike Technical Industries, Inc.'s briefs responsive to Evanston's motions for partial summary judgment (Rec. Docs. 73, 75, 76) on the basis that Technical's briefs were not timely,

IT IS ORDERED that the motion (Rec. Doc. 86) is DENIED.  There are two reasons why the motion is denied.  First, even if the motion to strike were granted, the Court would be required to review and rule upon the merits of the pending motions and could not grant them simply because there was no opposition brief filed.  "A

motion for summary judgment cannot be granted simply because there is no opposition...."[1]  Second, any potential prejudice to Evanston that might have resulted from Technical's late filing was avoided by affording Evanston an extended time period for preparing reply briefs.  "Under Fed.R.Civ.P. 6(b), the district court is granted broad discretion to expand filing deadlines."[2]  Accordingly, Technical's tardiness was not permitted to prejudice Evanston, and the Court will decide the pending motions on their merits.  Therefore, there is no valid basis for striking Technical's opposition briefs.

Signed at Lafayette, Louisiana, this 2nd day of December 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[1] *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435 (5th Cir. 2014), quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).  See, also, *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362, n. 3 (5th Cir. 1995).

[2] *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d at 367.