UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ASPEN SPECIALTY INSURANCE
COMPANY

CIVIL ACTION NO. 6:12-cv-02315

VERSUS

MAGISTRATE JUDGE HANNA

TECHNICAL INDUSTRIES, INC.

BY CONSENT OF THE PARTIES

## <u>MEMORANDUM  RULING</u>

During the course of oral argument on the parties' pending motions for
summary judgment and for partial summary judgment with regard to the claims
asserted in defendant Technical Industries, Inc.'s cross-claim against Aspen Specialty
Insurance Company and its third-party demand against Evanston Insurance Company,
it became evident that a threshold issue in this case is which state's law should be
applied.  Although the parties to a lawsuit have "an obligation to call the applicability
of another state's law to the court's attention in time to be properly considered,"[1] no
party to this suit has filed a motion expressly raising a choice-of-law issue.  Having
found no prohibition against raising the choice-of-law issue *sua sponte*, the Court
finds it necessary to determine whether Louisiana law or Texas law should be applied
in resolving the claims asserted in Aspen's main demand and in Technical's cross-
claim and third-party demand.

---

[1]     *Kucel v. Heller*, 813 F.2d 67, 74 (5th Cir. 1987).

To that end, the Court ordered the parties to submit briefs "addressing whether the actions of Aspen Specialty Insurance Company and Evanston Insurance Company, which occurred during the prosecution of the underlying lawsuit and are alleged by Technical Industries, Inc. to be the basis of bad faith claims, should be viewed as being governed by Louisiana law or Texas law." (Rec. Doc. 113).  The parties complied with the order and submitted briefs.  (Rec. Docs. 120, 121, 122). The Court now finds, for the following reasons, that Louisiana law applies.

## BACKGROUND

This lawsuit presents an insurance coverage dispute and arises out of another, earlier lawsuit that was filed in Texas state court in April 2011 and settled in October 2012 ("the underlying litigation").  The facts of the underlying litigation are not complicated.  North American Interpipe, Inc. ("NAI") manufactures casing that is used in drilling wells for hydrocarbon production.  Gulf Coast Tubulars, Inc. distributes and sells NAI's casing.  Alta Mesa Holdings, LP purchased casing from Gulf Coast, and used it in drilling a well.  Before it was purchased, the casing was inspected by Technical.  The casing failed, and Alta Mesa had to abandon the well it was drilling and sidetrack the hole.  Alta Mesa sued Gulf Coast, NAI, and Technical, seeking to recover its alleged damages.

Technical tendered its defense to Evanston Insurance Company under a commercial general liability insurance policy.  Evanston denied coverage on the erroneous basis that the policy was a claims-made-and-reported policy and the claim was asserted outside of the policy period.  Technical then tendered its defense to Aspen Specialty Insurance Company.  Aspen undertook Technical's defense without a reservation of rights.  Some time later, Aspen advised Technical that it intended to continue the defense but pursuant to a reservation of rights.  Before the underlying litigation was settled, Aspen filed this lawsuit, seeking to be absolved of the duty to defend and indemnify Technical in the underlying litigation.  After this suit was filed, it was discovered that Evanston's insurance policy contains an extended reporting period provision and the claim actually was timely reported.  When the underlying litigation settled, Evanston and Aspen each contributed fifty percent of Technical's share of the settlement funds.

In this lawsuit, which was originally filed in a federal court in Texas while the underlying litigation was ongoing, Aspen seeks a declaration that it had no duty to defend or indemnify Technical in the underlying litigation.  Technical responded to Aspen's complaint with a motion to transfer the case from the Southern District of Texas to this Court on the basis of forum non conveniens under 28 U.S.C. § 1404(a). (Rec. Doc. 6).  The motion was granted, and the case was transferred.  (Rec. Doc. 11).

Technical then answered the complaint and asserted claims against Aspen and Evanston, seeking to recover damages for the insurers' alleged bad faith and their alleged violation of La. R.S. 22:1892 and La. R.S. 22:1973 in their handling of the claims asserted against Technical in the underlying litigation.  (Rec. Doc. 16).

### ANALYSIS

In this action, Aspen has asked this Court to determine whether it had a duty to defend or indemnify its insured with regard to the claims asserted against Technical in the underlying litigation.  In its complaint, Aspen did not expressly identify the state whose laws it desires this Court to use in deciding that issue, but it is not required to do so.[2]  By filing a suit based on diversity in a federal court in Texas, Aspen implied that Texas law should apply.

In its claims against Aspen and Evanston, Technical has asked this Court to decide whether the insurers violated duties owed under specific Louisiana statutes or imposed on insurers by Louisiana courts.  Thus, Technical implied that Louisiana law should apply.

The original complaint filed in this action alleged that the United States District Court for the Southern District of Texas had subject-matter jurisdiction over this action on the basis of diversity of citizenship.  The pleadings show that Aspen is a

---

[2]     *Kucel v. Heller*, 813 F.2d at 74.

-4-

North Dakota corporation with its principal place of business in Connecticut.  (Rec. Doc. 1 at 1).  Although Aspen originally alleged that Technical is a Louisiana corporation with its principal place of business in Texas (Rec. Doc. 1 at 1), Technical stated, in support of its motion to transfer venue, that it is a wholly-owned subsidiary of Energy & Technology Corp., both of which have their principal places of business in Louisiana.  (Rec. Doc. 6-2 at 2; Rec. Doc. 6-4 at 1).  The Texas federal court noted that Aspen did not challenge Technical's proof that its principal place of business is in Louisiana and found that "as Aspen is a citizen of Connecticut and North Dakota . . . complete diversity is present whether Technical is a citizen of Texas or Louisiana."  (Rec. Doc. 11 at 4 n. 2).  Upon transfer of the action to this Court, subject-matter jurisdiction remained based upon the parties' complete diversity in citizenship.  The addition of Evanston to the suit did not destroy diversity, since Evanston is an Illinois corporation with its principal place of business in Illinois. (Rec. Doc. 122 at 4).

In a diversity case, a district court applies state substantive law to the issues before the court.[3]  In support of its motion to transfer venue, however, Technical argued that Louisiana law governed its claims.  (Rec. Doc. 6-2 at 9).  In response,

---

[3]      *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 206 (5th Cir. 2007); *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

Aspen did not dispute that Louisiana law was applicable, apparently acquiescing in Technical's argument that Louisiana law governs their dispute.  (Rec. Doc. 9).  In its recent submission in response to the Court's order, however, Aspen argued that it "believed and anticipated that Texas law could apply to all issues of coverage and the duty to defend."  (Rec. Doc. 121 at 2, 5).  The use of the word "could" rather than the word "would" – not once but twice – indicates that Aspen believes there is a possibility but not a certainty that Texas law is applicable to the claims it asserted in this lawsuit.

Whether Texas law or Louisiana law applies is a significant issue in this case because the laws of Louisiana and Texas differ with regard to allegations of an insurer's bad faith in handling coverage disputes.  Of particular importance in this case is the difference between Texas law and Louisiana law with regard to an insurer's assumption and continuation of an insured's defense in light of facts indicating a right to deny coverage – a distinction that was noted by Technical in its memorandum in support of its motion to transfer venue (Rec. Doc. 6-2 at 9-10) and by Aspen in its submission with regard to choice of law (Rec. Doc. 121 at 3-4).  The states' law also differ with regard to bad faith penalties – a distinction noted by Evanston in its briefing.  (Rec. Doc. 122 at 2).

To determine which state's law controls, the court must apply the choice-of-law rules of the forum state.[4]  When a case is transferred from one federal district court to another, the choice-of-law rules of the original forum continue to govern the selection of the appropriate state substantive law.[5]  Therefore, in this case, the choice-of-law rules of Texas must be followed.[6]

The claims asserted in this lawsuit are either contract disputes arising under the insurance policies issued by Aspen and Evanston or torts arising out of the conduct of the parties relating to the insurance policies.  The parties have not identified a choice-of-law provision in either insurance policy, and the Court therefore assumes

---

[4]      *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir. 2005); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941).

[5]      *Ferens v. John Deere Co.*, 494 U.S. 516, 523–27 (1990); *Torch Liquidating Trust ex rel. Bridge Associates L.L.C. v. Stockstill*, 561 F.3d 377, 386 n. 7 (5th Cir.2009); *Evangelical Lutheran Church in America v. Atlantic Mut. Ins. Co.*, 169 F.3d 947, 949 (5th Cir.1999).

[6]      If Louisiana's conflicts-of-law principles were applied in this case, Louisiana law would apply under Louisiana Civil Code Article 3537, which "specifies that 'an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to the case.'  Specifically regarding contracts, the Code instructs courts to assess the strength of the relevant policies of the involved states in light of the place of negotiation, formation, and performance of the contract as well as the location of the object of the contract.  Applying these principles, Louisiana courts generally choose the law of the state in which the insurance policy in question was issued to govern the interpretation of the terms of the policy." *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir. 1999).  See, also, *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014) ("the law of the state where the insurance contract was issued and executed generally governs the interpretation of that contract.")  It is undisputed that Aspen's insurance policy was issued to Technical in Louisiana following negotiations in Louisiana.  The policy itself states that it was "delivered. . . under the Insurance Code of the State of Louisiana," (Rec. Doc. 79-7 at 1), indicating that Louisiana law applies.  It is presumed that Evanston's policy was also negotiated by and issued to Technical in Louisiana.

that there is none.  To the extent that the claims are contract disputes, the choice-of-law question is governed, under Texas law, by the "most significant relationship" test of the Restatement (Second) of Conflict of Laws § 188.[7]  To the extent that the claims are tort claims, the choice-of-law question is governed, under Texas law, by the "most significant relationship" test of § 145 of the Restatement.[8]  Under the former test, the factors to be considered are the place of contracting; the place of negotiation; the place of performance; the location of the contract's subject matter; and the parties' domicile, residence, nationality, place of incorporation, and place of business.[9]  Under the latter test, the factors to be considered are the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation, and place of business of the parties; and the place where the relationship between the parties is centered.[10]  Under both tests, Louisiana is the state with the more significant relationship with the transaction or occurrence and the parties.

---

[7]     *Minn. Mining & Mfg. Co. v. Nishika Ltd.*, 953 S.W.2d 733, 735 (Tex.1997); see also *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984).

[8]     *Caton v. Leach Corp.*, 896 F.2d 939, 943 (5th Cir. 1990).

[9]     Restatement (Second) of Conflicts of Laws § 188(2) (1971).

[10]     Restatement (Second) of Conflicts of Laws § 145(2) (1971).

Aspen's insurance policy was negotiated by Technical from its offices in Louisiana with a broker who was also in Louisiana.  The policy expressly indicates that it was procured by a licensed Louisiana surplus lines broker with an address in Louisiana.  (Rec. Doc. 79-7 at 1).  Therefore, the first two factors – the place of contracting and the place of negotiation – favor Louisiana rather than Texas.  Even if the policy had been negotiated by Aspen in either its state of incorporation or its principal place of business, there would have been no connection to Texas, but to North Dakota and Connecticut.  The policy covered operations by Technical in places other than Louisiana, but the parties have not identified any provision in the policy that indicates a preference for either Texas or Louisiana as the place of performance of the policy or the location of the policy's subject matter.  Therefore, those two factors are neutral.  Finally, the five factors concerning the parties to the contract – their domicile, residence, nationality, place of incorporation, and place of business – clearly favor Louisiana over Texas.  Aspen is not a citizen of Texas or Louisiana, while Technical is a Louisiana corporation with its principal place of business in Louisiana.  Additionally, the policy contains a "Louisiana notice," stating that the policy "is delivered. . . under the Insurance Code of the State of Louisiana" and evidencing the intention of the parties to the insurance contract that the policy be governed by Louisiana law.  Accordingly, the Court concludes that, to the extent that

-9-

there is a contractual dispute before the Court concerning Aspen's insurance policy, Louisiana law should be applied.

Evanston apparently interprets Technical's claim against it as asserting only tort claims, since its recent submission to the Court addressed whether Texas or Louisiana law should apply to tort claims asserted against it but did not address how the Texas choice-of-law rules would apply to a contract claim against it.  No copy of Evanston's insurance policy was located in the record.  Because it is undisputed that Technical was Evanston's insured, however, the Court assumes that the relevant insurance policy was negotiated by, issued to, and delivered to Technical at its offices in Louisiana, and the Court has been directed to no evidence suggesting that Texas has a more significant relationship with the insurance contract or with Evanston than does Louisiana.  Accordingly, the Court concludes that Louisiana law should be applied to any contractual dispute that might exist as between Evanston and Technical.

In its recent submission to the Court, Evanston  correctly used Texas's choice-of-law rules for tort claims and persuasively argued that Louisiana law rather than Texas law should be applied to any tort claims asserted against it by Technical.  The Court agrees that analysis of the relevant factors favors the application of Louisiana law in this regard.  The alleged injury occurred in Louisiana where Technical's

-10-

business is centered.  The conduct causing the alleged injury did not occur in Texas.
Evanston has no significant relationship with the State of Texas or the State of
Louisiana, since it is neither domiciled in nor has its principal place of business in
either of those states.  Finally, there is no evidence that the relationship between
Evanston and Technical was centered anywhere other than in Louisiana, where the
insurance policy was presumably negotiated, issued, and delivered.  There are no
factors favoring Texas law.  Moreover, as Evanston noted in its briefing, "it is clear
that [Technical] expected that Louisiana law would apply to its claim, as
[Technical's] claims against Evanston are couched in terms of violations of
Louisiana's statutory bad faith provisions."  (Rec. Doc. 122 at 4).

To the extent that a tort claim has been asserted by Technical against Aspen,
the same conclusion is reached.  The alleged injury occurred in Louisiana where
Technical's primary office is located.  The conduct causing the alleged injury did not
occur in Texas.  Aspen has no significant relationship with the State of Texas or the
State of Louisiana, since it is neither domiciled in nor has its principal place of
business in either of those states.  There is no evidence that the relationship between
Aspen and Technical was centered anywhere other than Louisiana, where the
insurance policy was negotiated, issued, and delivered.  There are no factors favoring
Texas law.  And again, as Evanston noted in its briefing, Technical clearly expected

that Louisiana law would apply, since its bad faith claims against Aspen are couched, at least in part, in terms of violations of Louisiana statutes.

In its recent briefing (Rec. Doc. 121), Aspen argued that, during the prosecution of the underlying lawsuit, its actions were taken under the belief that Texas law was applicable to any issues regarding coverage under Aspen's insurance policy or regarding Aspen's duty to defend or indemnify Technical.  In light of the factors discussed above, and particularly in light of the "Louisiana notice" set forth in Aspen's insurance policy, the Court finds that it was unreasonable for Aspen to operate under that belief.  Under Louisiana law, which the Court finds is applicable to this dispute, an insurer is charged with knowledge of the contents of its own policy.[11]  At a minimum, the "Louisiana notice" should have attracted Aspen's attention to the likelihood that Louisiana law would apply to any coverage disputes regarding its policy's provisions.

In its recent submission to the Court, Technical argued that Louisiana law should apply to govern contractual issues raised in this lawsuit (including implied obligations of good faith and fair dealing) but also argued that Texas law should apply with regard to "the penalty statutes relating to insurance practices." (Rec. Doc.

---

[11]     *Arceneaux v. Amstar Corp.*, 2010-2329 (La. 07/01/11), 66 So. 3d 438, 451; *Steptore v. Masco Const. Co.*, 93-2064 (La. 8/18/94), 643 So. 2d 1213, 1216.

-12-

120 at 1).  After applying the appropriate choice-of-law analysis, the Court agrees with Technical in part, finding that Louisiana law will govern the parties' contractual disputes, but the Court finds no merit in Technical's argument that Texas penalty statutes should apply.  First, Technical analyzed the issue under Louisiana's conflicts-of-law rule, which, as demonstrated above, was inappropriate.  Second, Technical did not allege that any Texas law was violated; it alleged that it is entitled to recover bad faith damages from Aspen and Evanston, in part, because certain Louisiana statutes were violated.  It is not logical to conclude that Texas law should govern a dispute concerning the alleged violation of a Louisiana statute.

## CONCLUSION

For the foregoing reasons, the Court concludes that Louisiana law governs the issues raised in this lawsuit.

Signed at Lafayette, Louisiana on January 22, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-13-