UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY | CIVIL ACTION NO. 6:12-cv-02315 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| TECHNICAL INDUSTRIES, INC. | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

Currently pending before this Court is Evanston Insurance Company's motion for partial summary judgment on Technical Industries, Inc.'s bad faith claim under La. R.S. 22:1973. (Rec. Doc. 76). The motion is opposed. (Rec. Doc. 84). Oral argument was held on November 24, 2014. Ruling was deferred pending oral argument on motions filed by Aspen Specialty Insurance Company and briefing by the parties on the issue of which state's law should be applied in resolving the disputes raised in this lawsuit. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

### BACKGROUND

The Court adopts by reference the factual background set forth in its memorandum ruling regarding the choice-of-law issue. (Rec. Doc. 123).

## ANALYSIS

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. The issue before this Court in this motion is not a factual question, rather, it is a question of law that determines the timeliness of Technical's claim against Evanston.

Evanston argues that it is entitled to partial summary judgment with regard to the bad faith claim asserted against it by Technical under La. R.S. 22:1973 because that claim has prescribed. Evanston argues that the one-year prescriptive period of Louisiana Civil Code Article 3492 applies to this claim and that Technical's third-party demand against Evanston is prescribed because it was filed on October 16, 2012 (Rec. Doc. 16), more than one year after Evanston denied coverage on February 21, 2011. Technical argues that the ten-year prescriptive period for contractual claims set forth in Louisiana Civil Code Article 3499 should be applied. Alternatively, Technical argues that, if the one-year prescriptive period applies, then *contra non valentem* principles preclude a finding that the claim has prescribed.

As explained in a prior ruling (Rec. Doc. 123), Louisiana law will be applied in this lawsuit. To determine Louisiana law, federal courts first look to the final

decisions of the Louisiana Supreme Court.[1] In the absence of a final decision by the Louisiana Supreme Court, the Court must use its best judgment to predict how the Louisiana Supreme Court would decide the issue.[2] This is sometimes referred to as "making an *Erie* guess."[3] When faced with an unsettled question of Louisiana law, the Court must examine primary sources of law and state jurisprudence.[4] This Court is not strictly bound by rulings of Louisiana's appellate courts, but such rulings should not be disregarded unless the Court is convinced that the Louisiana Supreme Court would rule differently.[5]

La. R.S. 22:1973 does not include a provision establishing a prescriptive period for asserting bad faith claims arising under that statute, and no Louisiana Supreme Court case was located (nor was one cited by Evanston) holding that the appropriate prescriptive period is the one-year period for delictual claims set forth in Louisiana

---

[1] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007); *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

[2] *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014); *Moore v. State Farm*, 556 F.3d at 269.

[3] *Moore v. State Farm*, 556 F.3d at 269, referring to *Erie R.R. Co. v. Tompkins*, 204 U.S. 64, 78 (1938), which held that except in matters governed by the United States constitution or by federal law, the law to be applied in any case is state law.

[4] *Moore v. State Farm*, 556 F.3d at 270.

[5] *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d at 448; *Moore v. State Farm*, 556 F.3d at 270; *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 261 (5th Cir. 2003).

Civil Code Article 3492. Therefore, what prescriptive period applies to such a claim is an unsettled area of Louisiana law, and this Court must make an *Erie* guess and predict how the Louisiana Supreme Court would rule if faced with the same issue.

Evanston cited five cases in support of its contention that the one-year prescriptive period of Article 3492 applies, all of which were decided in the United States District Court for the Eastern District of Louisiana. Those cases are not binding on this court. More importantly, those cases actually do not provide authority for the proposition that a one-year prescriptive period applies to all bad faith claims asserted under Section 1973.

In *Marketfare Annunciation, LLC v. United Fire & Cas. Co.*, No. 06-7332, 2007 WL 837202, at *1 (E.D. La. Mar. 15, 2007), the court stated, with no supporting authority, that plaintiffs have one year to bring a claim against an insurer who breaches a statutory duty. The other four cases cited by Evanston, *Brown v. Protective Life Ins. Co.*, 353 F.Supp.2d 739, 743 (E.D. La. 2004); *Ross v. Hanover Ins. Co.*, No. 09-3501, 2009 WL 2762713, at *2 (E.D. La. Aug. 27, 2009); *Rodriguez v. Travelers Ins. Co.*, No. 02-2013, 2002 WL 31409452, at *1 (E.D. La. Oct. 23, 2002); and *Lundy Enterprises, L.L.C. v. Wausau Underwriters Ins. Co.*, No. 06-3509, 2009 WL 5217412, at *7 (E.D. La. Dec. 30, 2009), all cite to *Zidan v. USAA Property & Cas. Ins. Co.*, 622 So.2d 265, 266 (La. App. 1 Cir. 1993), or to *Brown v. Protective*

*Life* (which itself cites to *Zidan*) for the proposition that violations of Section 1973 are subject to a one-year prescriptive period. Thus, *Zidan* is the earliest authority – and the source authority – on which Evanston rests its argument.

Evanston goes so far as to argue, in its reply brief, that "[n]ot a single Louisiana court has suggested, much less held, that the ten-year prescriptive period under La. Civ. Code art. 3499 applies to a bad faith claim under . . . 1973." While that may be the case, Evanston fails to acknowledge two important distinctions between *Zidan* and this case.

First, *Zidan* is a case in which a guest passenger who was injured in an automobile accident failed to assert a claim against the driver and the driver's insurer until more than one year after the accident occurred. The plaintiff in *Zidan* argued that the claim had not prescribed because an insurer had misrepresented or concealed the fact that coverage existed, in violation of the penalty statute. Thus, the claim asserted was a third-party claim and not a claim by an insured against his own insurer. None of the cases cited by Evanston analyze the basis for the ruling in *Zidan* or use any reasoning to reach the conclusion that the one-year prescriptive period is equally applicable when an insured asserts a bad faith claim against its insurer. Instead, they simply rely upon the conclusion reached in *Zidan* and fail to cite any other Louisiana appellate court decisions that might be relevant.

"The proper prescriptive period to be applied in any action depends upon the nature of the cause of action."[6] It is logical that the claim by a third-party to an insurance contract against an insurer would be classified as a tort and subject to the one-year prescriptive period for delictual actions, but it is not logical that a first-party claim, that is, a claim by an insured against its insurer, would be classified as a delictual claim. A first-party claim arises out of the relationship created by the insurance contract and, therefore, is either contractual or quasi-contractual in nature. Indeed, Section 1973 "recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer."[7] Both contractual and quasi-contractual claims are classified, under Louisiana law, as personal actions subject to a liberative prescription of ten years.[8]

Second, at least two Louisiana appellate court decisions have applied a ten-year prescriptive period to Section 1892 claims, one of which came out of the same circuit that decided the *Zidan* case. In *Cantrelle Fence & Supply Co. v. Allstate Ins. Co.*, 550

---

[6] *Roger v. Dufrene*, 613 So.2d 947, 948 (La. 1993).

[7] *Republic Ins. Co. v. Hous. Auth. of New Orleans*, No. 08-4748, 2013 WL 1897135, at *8 (E.D. La. May 2, 2013); *Theriot v. Midland Risk Ins. Co.*, 694 So.2d 184, 193 (La.1997).

[8] See, e.g., *Wells v. Zadeck*, 2011-1232 (La. 03/30/12), 89 So.3d 1145, 1149 (quasi-contract); *Roger v. Dufrene*, 613 So.2d at 948 (contract).

So.2d 1306, 1308 (La. App. 1 Cir. 1989), *writ denied*, 559 So.2d 123 (La. 1990), the court said: "Finding no other prescriptive period specifically established for La. R.S. 22:658 [now 22:1892] actions, we apply the prescriptive period of 10 years, established by La. C.C. art. 3499." Similarly, in *We Sell Used Cars, Inc. v. United Nat'l Ins. Co.*, 715 So.2d 656, 660 (La. App. 2 Cir. 1998), the court held that an insured's claim for penalties and attorneys' fees under La. R.S. 22:658 [now 22:1892] was ten years. The Louisiana Supreme Court has stated that "[t]he conduct prohibited in LSA-R.S. 22:658(A)(1) [now 22:1892] is virtually identical to the conduct prohibited in LSA-R.S. 22:1220(b)(5) [now 22:1973]."[9] Evanston has provided no justification for why virtually identical conduct should be subject to a one-year prescriptive period under one penalty statute but subject to a ten-year prescriptive period under another penalty statute.

With these two critical distinctions in mind, the Court declines to follow the *Zidan* line of cases and concludes that a ten-year prescriptive period applies to Technical's Section 1973 bad faith claim against Evanston.[10] Therefore, Evanston's

---

[9] *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-C-0107 (La. 10/21/03), 857 So.2d 1012, 1020.

[10] Having reached this conclusion, it is not necessary to address Technical's alternative argument regarding *contra non valentem*.

claim has not prescribed, and Evanston is not entitled to summary judgment in its favor.

## CONCLUSION

Evanston did not establish that it is entitled to summary judgment as a matter of law with regard to the prescriptive period applicable to Technical's claim against it arising under La. R.S. 22:1973. Accordingly, Evanston's motion for partial summary judgment (Rec. Doc. 76) is DENIED.

Signed at Lafayette, Louisiana, this 22nd day of January 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE