UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ASPEN SPECIALTY INSURANCE          CIVIL ACTION NO. 6:12-cv-02315
COMPANY

VERSUS                             MAGISTRATE JUDGE HANNA

TECHNICAL INDUSTRIES, INC.         BY CONSENT OF THE PARTIES

**MEMORANDUM  RULING**

Currently pending before this Court is Evanston Insurance Company's motion
for partial summary judgment on Technical Industries, Inc.'s claim seeking the
recovery of damages for Evanston's alleged bad faith in the handling of an insurance
claim under La. R.S. 22:1892(A).  (Rec. Doc. 75).  The motion is opposed.  (Rec.
Doc. 83).  Oral argument was held on November 24, 2014.  Ruling was deferred
pending oral argument on motions filed by Aspen Specialty Insurance Company and
briefing by the parties on the issue of which state's law should be applied in resolving
the disputes raised in this lawsuit.  Considering the evidence, the law, and the
arguments of the parties, and for the reasons fully explained below, the motion is
GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

The Court adopts by reference the factual background set forth in its
memorandum ruling regarding choice of law.  (Rec. Doc. 123).

<u>**ANALYSIS**</u>

A.     <u>**THE APPLICABLE STANDARD**</u>

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3]  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the

---

[1]     *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex*., 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000).

[2]     *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 252; *Hamilton v. Segue Software, Inc*., 232 F.3d at 477.

[3]     *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

-2-

existence of a genuine issue of a material fact.[4]  All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[6]   The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

**B.   ANALYSIS OF THE ISSUES PRESENTED**

In its third-party demand, Technical alleged, among other things, that Evanston violated La. R.S. 22:1892(A)(3) by failing to initiate loss adjustment within fourteen days of notification of the loss and that Evanston failed to make a reasonable attempt to settle the claims asserted against Technical in the underlying litigation.  Technical did not expressly allege that its failure to settle claim violated Section 1892(A)(4).  In this motion, however, Evanston argues that it is entitled to summary judgment in

---

[4]      *Washburn v. Harvey*, 504 F.3d at 508.

[5]      *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[6]      *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[7]      *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

its favor with regard to Technical's untimely adjustment claim under Section 1892(A)(3) and Technical's untimely settlement claim under Section 1892(A)(4).

Technical conceded that it does not have a valid claim under Section 1892(A)(4) for Evanston's alleged failure to timely settle.  (Rec. Doc. 83 at 7). Accordingly, Evanston's motion will be granted with regard to that claim, without further discussion.

In conceding this point, Technical noted that its third-party demand against Evanston is not limited to statutory claims but also addresses any claims it might have that arise out of the duties of good faith and fair dealing that an insurer owes to its insured.  (Rec. Doc. 83 at 7).  In its reply brief, Evanston then argued that Louisiana law does not recognize a cause of action for breach of the duty of good faith and fair dealing outside the context of La. R.S. 22:1892 and La. R.S. 22:1973.  "Arguments raised for the first time in a reply brief are generally waived."[8]  More importantly, this argument does not support Evanston's motion, which seeks relief only from the claims that were asserted by Technical under Section 1892.  Accordingly, this issue is not properly before the Court in connection with this motion and will not be considered further.

---

[8]    *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010).  See, e.g., *United States v. Aguirre-Villa*, 460 F.3d 681, 683 n. 2 (5th Cir. 2006) *United States v. Jackson*, 50 F.3d 1335, 1340 n. 7 (5th Cir.1995).

The sole remaining issue to be resolved, therefore, is whether Evanston is entitled to summary judgment in its favor with regard to Technical's claim that Evanston violated Section 1892(A)(3) by failing to timely initiate loss adjustment.

Section 1892(A)(3) requires an insurer to initiate loss adjustment within fourteen days after notification of loss by the claimant.

> Bad faith is simply not required to subject the insurer to penalties for failure to timely initiate loss adjustment. Rather, to subject the insurer to penalties, the insured need only provide proof of notice and the failure of the insurer to initiate loss adjustment for a certain amount of time.... It is the insurer's inaction alone that triggers the penalty; no justification or lack thereof on the part of the insurer need be shown.[9]

Thus, "La.Rev.Stat. § 22:658(A)(3) [now 22:1892(A)(3)], by its plain and explicit language, does not allow for any exceptions to liability. . . nor does it necessitate or allow for a showing of bad faith or justification.  Under its mandatory directives, either the insurer timely initiates loss adjustment, or the insurer is subject to penalties."[10]

---

[9]    *Oubre v. Louisiana Citizens Fair Plan*, 2011-0097 (La. 12/16/11), 79 So. 3d 987, 1000.

[10]    *Oubre v. Louisiana Citizens Fair Plan*, 79 So. 3d at 1004.

An insurer initiates loss adjustment when it takes some substantive and affirmative step to accumulate the facts that are necessary to evaluate the claim.[11] Whether loss adjustment has been initiated is a factual issue.[12]

Loss adjustment must be initiated "after notification of loss by the claimant."[13] "It is well settled that a 'satisfactory proof of loss' is only that which is 'sufficient to fully apprise the insurer of the insured's claims.'"[14]  The proof of loss need not be presented in any formal style.[15]  What is important is whether "the insurer receives sufficient information to act on the claim."[16]  "Whether and when a satisfactory proof of loss was received is a question of fact."[17]

---

[11]     *Oubre v. Louisiana Citizens Fair Plan*, 79 So. 3d at 1005.

[12]     See, *Oubre v. Louisiana Citizens Fair Plan*, 79 So. 3d at 1005-06.

[13]     La. R.S. 22:1892(A)(3).

[14]     *Louisiana Bag Co. v. Audubon Indem. Co*., 2008-0453 (La. 12/02/08), 999 So. 2d 1104, 1119.

[15]     *Louisiana Bag Co. v. Audubon Indem. Co*., 2008-0453 (La. 12/2/08), 999 So. 2d 1104, 1119; *Sevier v. U.S. Fid. & Guar. Co*., 497 So.2d 1380, 1384 (La.1986).

[16]     *Sevier v. U.S. Fid. & Guar. Co*., 497 So.2d at 1384.

[17]     *Richardson v. GEICO Indem. Co*., 2010-0208 (La. App. 1 Cir. 9/10/10), 48 So. 3d 307, 314, *writ denied*, 2010-2473 (La. 12/17/10), 51 So. 3d 7, citing *Boudreaux v. State Farm Mut. Auto. Ins. Co*., 04–1339 (La.App. 4 Cir. 2/2/05), 896 So.2d 230, 236.

Evanston argues that it took substantive and affirmative steps to accumulate the facts surrounding the loss and consequently initiated loss adjustment within fourteen days of Technical's submitting a notice of loss on November 8, 2010 to Evanston's claims administrator, Markel Service, Incorporated.  Evanston claims that, within the required time frame, a claims examiner sent a request for information form to Technical and attempted to contact Technical by telephone and e-mail.

Whether those actions constitute initiation of loss adjustment is disputed by Technical.  Technical argues that an actual claim was not asserted against Technical until January 13, 2011 and that Technical notified Evanston of the claim on January 19, 2011.  Essentially, Technical argues that the November 8 notice was notice of a potential claim rather than notice of an actual claim and therefore was not a proof of loss sufficient to trigger Evanston's statutory duty to initiate loss adjustment. Technical also argues that Evanston took no substantive or affirmative steps to investigate the loss during the fourteen days following January 19, 2011, but instead only evaluated coverage.  Evaluating coverage does not constitute the initiation of loss adjustment.[18]  Evanston counters with evidence that there were communications during the requisite time period that it alleges constitute initiation of loss adjustment.

---

[18]     *Joubert v. Broussard*, 02-911 (La. App. 3 Cir. 10/24/02), 832 So.2d 1182, 1184, *writ denied*, 2003-C-0060 (La. 03/21/03), 840 So.2d 552.

Therefore, there are two significant factual issues presented:  (1) was Technical's notice of November 8, 2010 sufficient to trigger Evanston's duty to initiate loss adjustment or was that duty not triggered until Technical's January 19, 2011 notice of an actual claim having been asserted against Technical; and (2) did the actions taken by Evanston in the fourteen days following November 8, 2010 or in the fourteen days following January 19, 2011 constitute initiation of loss adjustment? These questions present genuine issues of material fact that should be left to the jury to decide.  Accordingly, Evanston's motion with regard to Technical's claim for untimely initiation of loss adjustment under Section 1892(A)(3) will be denied.

## CONCLUSION

For the foregoing reasons, Evanston's motion for partial summary judgment (Rec. Doc. 75) is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED to the extent that Technical asserted a claim against Evanston for violation of La. R.S. 22:1892(A)(4) for untimely settlement of the claims asserted against Technical in the underlying litigation, but the motion is DENIED to the extent that Technical asserted a claim against Evanston for violation of La. R.S. 22:1892(A)(3) for untimely initiation of loss adjustment.

Signed at Lafayette, Louisiana, this 27th day of January 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE