UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY | CIVIL ACTION NO. 6:12-cv-02315 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| TECHNICAL INDUSTRIES, INC. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending before this Court is Aspen Specialty Insurance Company's motion for summary judgment on Technical Industries, Inc.'s counterclaim seeking the recovery of damages for Aspen's alleged bad faith. (Rec. Doc. 79). The motion is opposed. (Rec. Doc. 102). Oral argument was held on December 16, 2014 and ruling was deferred pending briefing by the parties on the issue of which state's law should be applied in resolving the disputes raised in this lawsuit. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

The Court adopts by reference the factual background set forth in its memorandum ruling regarding choice of law. (Rec. Doc. 123). The Court also adopts by reference its finding that Louisiana law applies. (Rec. Doc. 123).

## ANALYSIS

### A.   THE APPLICABLE STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

existence of a genuine issue of a material fact.[4] All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

**B.     ANALYSIS OF THE ISSUES PRESENTED**

In this motion, Aspen contends that it is entitled to summary judgment in its favor, dismissing Technical's counterclaim in its entirety because there is no evidence that Aspen breached its duties of good faith and fair dealing.

Aspen's first argument is that Technical cannot prove liability under La. R.S. 22:1973. In support of this argument, Aspen takes the position that liability under this statute must exclusively be based upon one of the six acts listed in the statute,

---

[4]     *Washburn v. Harvey*, 504 F.3d at 508.

[5]     *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[6]     *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[7]     *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

citing *Theriot v. Midland Risk Ins. Co.*, 95-2895 (La. 05/20/97), 694 So.2d 184, 193, for authority. Technical argues, in opposition to Aspen's motion, that the Fifth Circuit has declined to apply *Theriot* as broadly as Aspen suggests. Although *Theriot* contains language supporting the interpretation of the statute posited by Aspen, *Theriot* involved a third-party claim not a claim by an insured against its insurer. In *Stanley v. Trinchard*, 500 F.3d 411, 427-28 (5th Cir. 2007), the Fifth Circuit noted that distinction in analyzing the decision reached in *Theriot* and determined that "the bases for an *insured's* cause of action for a breach of the implied covenant of good faith and fair dealing are not limited to the prohibited acts listed in La. R.S. 22:1220(B) [now 22:1973(B)]."[8] But resolution of the motion now before the Court does not require the Court to decide which interpretation of the statute should be adopted.

Section 1973(B)(1) states that an insurer breaches its duties of good faith and fair dealing when it "[m]isrepresent[s] pertinent facts or insurance policy provisions relating to any coverages at issue." Aspen argues that there is no evidence of any such misrepresentation. In opposition to Aspen's motion, however, Technical argues

---

[8] Emphasis in original. See, also, *Kelly v. State Farm Fire & Cas. Co.*, 582 F. App'x 290, 294 (5th Cir. 2014), certified question accepted, 2014-1921 (La. 11/21/14), "because this court's precedent on this matter is clear, we must assume that an insured can pursue a cause of action against an insurer for a generalized breach of the duty of good faith and fair dealing."

that Aspen's quoting of its policy's known conditions exclusion in its complaint and rearranges words in the provision, changing the provision's meaning, and thus misrepresenting it.

As written in the policy, the provision reads as follows:

> Expected or Intended and Known Conditions:  <u>Arising from</u> incidents, events, occurrences, or <u>Claims</u> expected or intended from the standpoint of the Insured, and any Known Condition.  Known Condition as used here means any incident, event, occurrence or <u>Claim</u> that your directors, officers, principals, partners or insurance managers **of knew or reasonably expected** could have <u>Arisen from</u> any <u>Covered Act</u>**.**  prior to the date of the signed Application for this Policy.

There is an oddly-placed word "of" between "managers" and "knew."  In the complaint (Rec. Doc. 1 at 5) and also in the reservation of rights letter (Rec. Doc. 102-2 at 10), Aspen "quoted" this provision as follows:

> Expected or Intended and Known Conditions:  <u>Arising from</u> incidents, events, occurrences, or <u>Claims</u> expected or intended from the standpoint of the Insured, and any Known Condition.  Known Condition as used here means any incident, event, occurrence or <u>Claim</u> that your directors, officers, principals, partners or insurance managers **[] knew [of] or reasonably excepted** could have <u>Arisen from</u> any <u>Covered Act</u> prior to the date of the signed Application for this Policy.  [Emphasis added.]

This "quotation" rearranges the words "knew" and "of."  Aspen also misspelled the word "expected" and removed the period after the words "Covered Act" in both the

complaint and the reservation of rights letter. In its brief, Aspen took out the brackets but also took out the awkwardly placed "of" and the period after "Act." Therefore, Aspen did not accurately quote the exclusion in the complaint, the reservation of rights letter, or the brief.

A policy provision is ambiguous when it is susceptible of two or more meanings. It is arguable that the placement of the word "of" in this policy provision makes the provision ambiguous since there is a difference between an event that you "knew of" and an event that you "knew or reasonably expected could have arisen from a covered act." It is also arguable that the exclusion is ambiguous because of the interplay between the words "knew of" or "knew or reasonably expected" and the words "prior to the date of the signed Application." Those words might refer to an act that occurred before the application or they might refer to the insured having knowledge before the application. "Any ambiguity in an exclusion should be narrowly construed in favor of coverage."[9] Furthermore, "[i]f any facts alleged in the petition support a claim for which coverage is not unambiguously excluded, the insurer must defend the insured."[10]

---

[9] *Yount v. Maisano*, 627 So.2d 148, 151 (La. 1993).

[10] *United Fire & Cas. Co. v. Hixson Bros.*, 453 F.3d 283, 285 (5th Cir. 2006).

Whether an insurer acted in good faith is a factual, not legal, determination.[11] Therefore, by pointing out the difference between the actual policy provision and the way the policy provision was "quoted" in the complaint and reservation of rights letter, Technical has demonstrated that there is a genuine issue of material fact concerning whether Aspen misrepresented the policy provision and, therefore, failed to act in good faith. This issue precludes summary judgment in Aspen's favor with regard to any claims that Technical might have based on alleged violations of La. R.S. 22:1973.

Aspen also argues that Technical cannot prove that Aspen violated La. R.S. 22:1892. At oral argument, Technical conceded that it has no claim against Aspen arising under that statute. Accordingly, Aspen is entitled to summary judgment with regard to any claims that Technical based on a violation of Section 1892.

Aspen's next argument is that it is entitled to summary judgment in its favor because it had legitimate doubts, based on the known conditions exclusion set forth in its policy, regarding Technical's claims and should, therefore, be permitted to litigate "these questionable claims without being subjected to damages and penalties." (Rec. Doc. 79-1 at 10). But, as explained above, there is a genuine issue of material fact concerning whether Aspen misrepresented to its insured the content of the policy,

---

[11] *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 300 (5th Cir. 2009).

particularly, the known conditions exclusion. Furthermore, Aspen is attempting to litigate coverage after originally accepting defense of the claim against Technical without a reservation of rights. "Waiver of coverage defenses results when an insurer, with knowledge of facts indicating non-coverage, undertakes to defend an insured without reserving its rights to deny coverage."[12] Although the issue of waiver is not currently before the Court, the Court finds that the issues concerning misrepresentation and waiver create a genuine issue of material fact with regard to whether Aspen filed its declaratory judgment action in good faith since the issue of whether an insurer acted in good faith is a factual issue rather than a legal one. This factual issue precludes summary judgment in Aspen's favor.

Aspen next argues that Technical's "generalized, non-statutory bad faith allegations against Aspen" should be dismissed because they are not supported by La. R.S. 22:1973 or 22:1892. As noted above, however, both the Louisiana Supreme Court and Fifth Circuit have noted that "an insurer's duties run primarily in favor of its insured as an outgrowth of duties that have their foundation in the contract between the parties. It is the relationship of the parties that gives rise to the implied

---

[12] *Arceneaux v. Amstar Corp.*, 2010-2329 (La. 07/01/11), 66 So. 3d 438, 455.

covenant of good faith and fair dealing."[13] Accordingly, whether Technical's claim is or is not supported by the cited statutes does not govern its viability.

Finally, Aspen argues that Technical's claim related to settlement of the underlying lawsuit should be dismissed because a cause of action based upon an insurer's alleged bad faith failure to settle a claim does not arise until an excess judgment has been entered against the insured. Technical clarified, in its opposition brief, that its claim is not for lack of settlement but for a delay in settling the underlying lawsuit, for failing to offer reasonable settlement value, and for attempting to force Technical to contribute to the settlement fund. To the extent that Technical may be asserting this claim under Section 1973, proof of actual damages – such as an excess judgment – is not necessary. The Louisiana Supreme Court has held that penalties may be awarded under that statute even when no actual damages resulted from the insurer's actions that violated its duty of good faith and fair dealing.[14] Accordingly, the Court finds that Aspen is not entitled to summary judgment in its

---

[13] *Theriot v. Midland Risk Ins. Co.*, 694 So.2d at 193, quoted in part in *Stanley v. Trinchard*, 500 F.3d at 427.

[14] *Sultana Corp. v. Jewelers Mut. Ins. Co.*, 2003-0360 (La. 12/03/03), 860 So. 2d 1112, 1119. See, also, the dissenting opinion in *Mathies v. Blanchard*, 2006-CA-0559 (La. App. 1 Cir. 02/21/07), 959 So.2d 986, a case that was erroneously cited by Aspen as having been decided by the Fifth Circuit Court of Appeals and therefore controlling of this issue.

favor with regard to its claim relating to Aspen's settlement of the claims asserted in the underlying litigation.

## CONCLUSION

For the foregoing reasons, Aspen's motion for summary judgment (Rec. Doc. 79) is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED to the extent that Technical asserted a claim against Aspen for violation of La. R.S. 22:1892, but the motion is DENIED in all other respects.

Signed at Lafayette, Louisiana, this 28th day of January 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE