UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY | CIVIL ACTION NO. 6:12-cv-02315 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| TECHNICAL INDUSTRIES, INC. | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

Currently pending before this Court is Aspen Specialty Insurance Company's motion for partial summary judgment on Technical Industries, Inc.'s cross-claim seeking the recovery of damages for Aspen's alleged bad faith. (Rec. Doc. 80). The motion is opposed. (Rec. Doc. 103). Ruling was deferred pending oral argument on other motions filed by Aspen Specialty Insurance Company and briefing by the parties on the issue of which state's law should be applied in resolving the disputes presented in this lawsuit. Oral argument was held on December 16, 2014. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

**BACKGROUND**

The Court adopts by reference the factual background set forth in its memorandum ruling regarding choice of law as well as its ruling that Louisiana law applies to this case. (Rec. Doc. 123).

**ANALYSIS**

**A.     THE APPLICABLE STANDARD**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

demonstrate the absence of genuine issues of material fact.[3] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4] All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

**B.    ANALYSIS OF THE ISSUES PRESENTED**

In this motion, Aspen argues that it is entitled to partial summary judgment in its favor, dismissing Technical's claim for bad faith damages. As the Court appreciates Technical's cross-claim against Aspen, there is a claim for breach of

---

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[4] *Washburn v. Harvey*, 504 F.3d at 508.

[5] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[6] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[7] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

Aspen's contractual obligation to perform in good faith as well as a claim for violation of the duties imposed on insurers by La. R.S. 22:1973. Technical does not have a claim against Aspen under R.S. 22:1982. As the Louisiana Supreme Court has noted, an insurer's statutory obligations are separate and distinct from its contractual obligations.[8] The Court interprets Aspen's motion as addressing the damages recoverable for breach of its statutory duties and finds that the motion does not address any damages that Technical might be entitled to recover for Aspen's alleged breach of its contractual obligations.[9]

Aspen argues that Technical cannot prove that it sustained any damages that might be recoverable under the cited statutes because Aspen fully defended it in the underlying litigation. The claim against Technical in the underlying lawsuit was settled, with Aspen and Evanston Insurance Company equally contributing Technical's share of the settlement fund. But Aspen's and Evanston's indemnification of Technical with regard to the claims asserted in the underlying lawsuit and Aspen's payment of the fees incurred by the attorneys who represented Technical in the underlying lawsuit does not mean that Technical incurred no

---

[8] *Durio v. Horace Mann Ins. Co.*, 2011-C-0084 (La. 10/25/11), 74 So.3d 1159, 1170.

[9] The Court finds that Technical's argument concerning the collateral source rule may be relevant to its contractual claim but is not relevant to its statutory claim. Accordingly, that argument will not be addressed further here.

consequential damages in addition to its share of the settlement fund and its defense costs. Technical argues that it incurred consequential damages in the form of loss of business from its client North American Interpipe, Inc. ("NAI"), increased insurance premiums, and attorneys' fees. Those claims are not precluded by Aspen's having defended and indemnified Technical in the underlying litigation. To the contrary, if it is ultimately decided by the jury that Aspen violated the duty of good faith and fair dealing imposed on Evanston by La. R.S. 22:1973(A), Technical is entitled to recover from Aspen "any damages sustained as a result of the breach."[10] Accordingly, the fact that Aspen provided Technical with a defense and the fact that Aspen and Evanston funded Technical's share of the settlement has no bearing on whether Technical sustained consequential damages due to Aspen's acts or omissions.

Aspen argues that Technical cannot prove that its alleged consequential damages resulted from Aspen's actions or omissions. It is axiomatic that the plaintiff bears the burden of proving that he has sustained damages and that the damages were caused by the acts or omissions of the defendant. Thus, with regard to Technical's cross-claim against Aspen, Technical will ultimately bear those burdens, and the jury will be tasked with deciding whether damages were sustained and, if so, in what amount. Currently, however, there is a genuine issue of material fact concerning

---

[10] La. R.S. 22:1973(A).

whether Aspen's actions and omissions caused Technical to incur consequential damages. This factual dispute precludes partial summary judgment in Aspen's favor with regard to Technical's claim for bad faith damages.

Technical alleges three types of consequential damages: lost profits due to NAI's substantial decrease in requests for Technical's services, increased insurance premiums, and attorneys' fees.

Aspen argues that any loss in profits that Technical might have suffered was the result of causes other than Aspen's breach of the duties it owed its insured. Aspen suggests that NAI stopped doing business with Technical because of the claim asserted in the underlying lawsuit that Technical did not properly inspect the pipe that failed, because of the inherent fluctuations in the oil industry, or the effects of the BP oil spill. Aspen also points out that Technical was never entitled to any specific amount of business from NAI and that NAI diverted work to Technical's competitors. These contentions are based on deposition testimony from Technical's corporate representative George Sfeir. But Mr. Sfeir also testified at his deposition that NAI's representative told him that one of the reasons he decided not to send business to Technical was the way the settlement of the underlying lawsuit was handled. Therefore, Aspen did not establish that Technical cannot prove that Aspen's actions

resulted in Technical losing NAI's business. To the contrary, there is a genuine dispute of material fact concerning the cause of Technical's alleged loss of profits.

Furthermore, Technical noted in its opposition brief that the parties were in the process of obtaining testimony from Daniel Valk of NAI in order to obtain testimony clarifying NAI's position on this issue. The Court interprets this as a showing under Fed. R. Civ. P. 56(d) that Technical needs additional facts to justify its opposition. Consequently, the Court is entitled to deny the motion so that additional discovery may be had with regard to this issue.

Aspen similarly argues that Technical's alleged increased insurance premiums cannot be causally linked to Aspen's actions or omissions but instead resulted from "external causes," precluding Technical from proving a necessary element of its claim. In particular, Aspen argues that the claim against Technical in the underlying litigation caused the premium increase. Technical argues, however, that its insurers misreported the loss in their loss run statements, resulting in Technical's insurance premiums being greater than they would have been if the loss had been properly reported. These contrary positions establish that there is a genuine issue of material fact as to the cause of Technical's increased insurance premiums which precludes summary judgment in Aspen's favor.

Aspen's next argument is that Technical is not entitled to recover, under La. R.S. 22:1973, the fees charged by attorney Gerald deLaunay in pursuing insurance coverage for Technical. Aspen cites *Steptore v. Masco Const. Co., Inc.*, 93-2064 (La. 08/18/94), 643 So. 2d 1213, for the proposition that an insured who hires an attorney to represent him in a coverage dispute must bear that cost himself. In *Steptore*, the court stated that "the insurance contract did not impose a duty on the insurer to pay attorney's fees in connection with the insured's pursuit of the coverage issue. Nor are we directed to any statute providing for attorney's fees in this instance." Thus, the *Steptore* court did not consider whether attorneys' fees were recoverable under Section 1973. Aspen also relies upon *Vaughn v. Franklin,* 00-0291 (La. App. 1 Cir. 03/28/01), 785 So.2d 79. But *Vaughn* is not dispositive. *Vaughn* did not involve a claim by an insured for consequential damages; instead, it involved a claim by one insurer against another for reimbursement of indemnity and defense costs. Therefore, *Vaughn* does not govern this dispute between an insured and its insurers concerning the cause of alleged consequential damages. Aspen has not pointed out a single decision in which a Louisiana state or federal court held that, under a factual scenario similar to that of this case, presenting allegations that an insurer misrepresented its own policy provisions, the insured cannot recover attorneys' fees from that insurer

as an element of damages under Section 1973. Therefore, Aspen has not established that it is entitled to summary judgment in its favor with regard to this claim.

Aspen's final argument is that Technical is not entitled to recover attorneys' fees because Aspen had legitimate doubts about coverage, entitling it to litigate coverage without being subjected to damages and penalties. Whether an insurer acts in good faith is a factual determination[11] that must, in this case, be left to the jury. Similarly, whether Technical was damaged by Aspen's actions is a factual issue for the jury to decide. Accordingly, Aspen is not entitled to summary judgment with regard to this claim.

In summary, Aspen has not demonstrated that it is entitled to summary judgment in its favor. Its motion for partial summary judgment with regard to Technical's claim for bad faith damages is denied.

Signed at Lafayette, Louisiana, this 12th day of February 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[11] *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 300 (5th Cir. 2009). See, also, Reed v. State Farm Mut. Auto. Ins. Co., 2003-0107 (La. 10/21/03), 857 So. 2d 1012, 1021; *Penalber v. Blount*, 550 So.2d 577, 583 (La. 1989) (holding summary judgment is "rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith").