UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ASPEN SPECIALTY INSURANCE          CIVIL ACTION NO. 6:12-cv-02315
COMPANY

VERSUS                             MAGISTRATE JUDGE HANNA

TECHNICAL INDUSTRIES, INC.         BY CONSENT OF THE PARTIES

## <u>MEMORANDUM  RULING</u>

Currently pending before this Court is Evanston Insurance Company's motion for partial summary judgment on Technical Industries, Inc.'s claim seeking the recovery of damages for Evanston's alleged bad faith. (Rec. Doc. 73). The motion is opposed. (Rec. Doc. 85). Ruling was deferred pending oral argument on motions filed by Aspen Specialty Insurance Company and briefing by the parties on the issue of which state's law should be applied in resolving the disputes presented in this lawsuit. Oral argument was held on November 24, 2014. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

## BACKGROUND

The Court adopts by reference the factual background set forth in its memorandum ruling regarding choice of law as well as its ruling that Louisiana law applies to this case.  (Rec. Doc. 123).

## ANALYSIS

### A.   THE APPLICABLE STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that

---

[1]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2]   *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

demonstrate the absence of genuine issues of material fact.[3]  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4]  All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[6]  The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

**B.   ANALYSIS OF THE ISSUES PRESENTED**

In this motion, Evanston argues that it is entitled to partial summary judgment in its favor, dismissing Technical's claims for bad faith damages.  As the Court appreciates Technical's third-party claim against Evanston, there is a claim for breach

---

[3]      *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[4]      *Washburn v. Harvey*, 504 F.3d at 508.

[5]      *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[6]      *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[7]      *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

-3-

of Evanston's contractual obligation to perform in good faith as well as a claim for violation of the duties imposed on insurers by La. R.S. 22:1973 and La. R.S. 22:1982. As the Louisiana Supreme Court has noted, an insurer's statutory obligations are separate and distinct from its contractual obligations.[8]   The Court interprets Evanston's motion as addressing the damages recoverable for breach of its statutory duties and finds that the motion does not address any damages that Technical might be entitled to recover for Evanston's alleged breach of its contractual obligations.[9]

Evanston argues that Technical cannot prove that it sustained any damages that might be recoverable under the cited statutes because it was fully defended in the underlying litigation by another insurer, Aspen Specialty Insurance Company.  But Aspen's and Evanston's indemnification of Technical with regard to the claims asserted in the underlying lawsuit, i.e., their sharing the funding of the settlement of the claim asserted against Technical in the underlying lawsuit, and Aspen's payment of the fees incurred by the attorneys who represented Technical in the underlying lawsuit, does not mean that Technical incurred no consequential damages in addition to its share of the settlement fund and its defense costs.  Technical argues that it

---

[8]      *Durio v. Horace Mann Ins. Co.*, 2011-C-0084 (La. 10/25/11), 74 So.3d 1159, 1170.

[9]      The Court finds that Technical's argument concerning the collateral source rule may be relevant to its contractual claim but is not relevant to its statutory claim.  Accordingly, that argument will not be addressed further here.

-4-

incurred consequential damages in the form of loss of business from its client North American Interpipe, Inc. ("NAI"), increased insurance premiums, and attorneys' fees. Those claims are not precluded by Aspen's having defended and indemnified Technical in the underlying litigation.  To the contrary, if it is ultimately decided by the jury that Evanston's failure to provide Technical with a defense in the underlying litigation violated the duty of good faith and fair dealing imposed on Evanston by La. R.S. 22:1973(A), Technical is entitled to recover from Evanston "any damages sustained as a result of the breach."[10]   Accordingly, the fact that Aspen provided Technical with a defense and the fact that Aspen and Evanston funded Technical's share of the settlement does not mean that Technical did not sustain damages due to Evanston's failure to defend Technical in the underlying lawsuit.

Evanston argues that the case of *Vaughn v. Franklin*, 2000-0291 (La. App. 1 Cir. 03/28/01), 785 So.2d 79, is on point with this one and stands for the proposition that Technical has sustained no damages.  Although the court found, in *Vaughn*, that the insureds did not sustain a loss, that case does not contain a claim by an insured for consequential damages similar to those claimed by Technical in this case. Therefore, *Vaughn* is not on point with this case.  Furthermore, in *Vaughn* there was no claim by an insured against its insurer; instead, there was a claim by one insurer

---

[10]      La. R.S. 22:1973(A).

against another, each of whom owed a duty to represent certain insureds in an underlying lawsuit but only one of whom actually did so.  Accordingly, *Vaughn* does not govern the issues presented in Evanston's motion.

Evanston argues that Technical cannot prove that its alleged consequential damage resulted from Evanston's actions.  It is axiomatic that the plaintiff bears the burden of proving that he has sustained damages and that the damages were caused by the acts or omissions of the defendant.  Thus, with regard to Technical's third-party demand against Evanston, Technical will ultimately bear those burdens, and the jury will be tasked with deciding whether damages were sustained and, if so, in what amount.  Currently, however, there is a genuine issue of material fact concerning whether Evanston's alleged misrepresentation of its policy provisions and its resulting failure to defend Technical in the underlying lawsuit caused Technical to incur consequential damages.  This factual dispute precludes partial summary judgment in Evanston's favor with regard to Technical's claim for bad faith damages.

Technical alleges three types of consequential damages:  lost profits due to NAI's substantial decrease in requests for Technical's services, increased insurance premiums, and attorneys' fees.

Evanston argues that any loss in profits that Technical might have suffered was the result of "external causes" rather than Evanston's breach of the duties it owed its

insured.  Evanston suggests that NAI stopped doing business with Technical because of the claim asserted in the underlying lawsuit that Technical did not properly inspect the pipe that failed.  Evanston also suggests that NAI chose to do business with Technical's competitors because they were less expensive and faster than Technical.  These contentions are based on deposition testimony from Technical's corporate representative George Sfeir.  But Mr. Sfeir also testified at his deposition that NAI's representative told him that one of the reasons he decided not to send business to Technical was the way the settlement of the underlying lawsuit was handled.  Therefore, Evanston did not establish that Technical cannot prove that Evanston's action resulted in Technical losing NAI's business.  To the contrary, there is a genuine dispute of material fact concerning the cause of Technical's alleged loss of profits.

Furthermore, Technical noted in its opposition brief that the parties were in the process of scheduling the deposition of Daniel Valk of NAI in order to obtain testimony clarifying NAI's position on this issue.  The Court interprets this as a showing under Fed. R. Civ. P. 56(d) that Technical needs additional facts to justify its opposition.  Consequently, the Court is entitled to deny the motion so that additional discovery may be had with regard to this issue.

-7-

Evanston similarly argues that Technical's alleged increased insurance premiums resulted from "external causes" rather than from Evanston's actions, precluding Technical from proving a necessary element of its claim. While Technical argues that its insurers misreported the loss in their loss run statements, resulting in Technical's insurance premiums being greater than they would have been if the loss had been properly reported, Evanston argues that the loss sustained by the insurers in the underlying litigation justifies the premiums charged. These contrary positions establish that there is a genuine issue of material fact as to the cause of Technical's increased insurance premiums which precludes summary judgment in Evanston's favor.

Evanston's next argument is that Technical is not entitled to recover attorneys' fees under La. R.S. 22:1973. Evanston cites *Trinity Universal Ins. Co. v. Steven Forestry Serv. Inc.*, 335 F.3d 353 (5th Cir. 2003), but that case does not mention Section 1973 and did not hold that attorneys' fees were not recoverable under that statute. Evanston also cites *Steptore v. Masco Const. Co., Inc.*, 93-2064 (La. 08/18/94), 643 So. 2d 1213, which stated that "the insurance contract did not impose a duty on the insurer to pay attorney's fees in connection with the insured's pursuit of the coverage issue. Nor are we directed to any statute providing for attorney's fees in this instance." Thus, the *Steptore* court did not consider whether attorneys' fees

were recoverable under Section 1973.   Evanston also relies upon the *Vaughn* decision, cited above, in support of this argument.  As noted previously, however, *Vaughn* involved a claim by one insurer against another and did not involve a claim for consequential damages.  For those reasons, *Vaughn* does not govern this dispute between an insured and its insurers concerning the cause of alleged consequential damages.  Evanston has not pointed out a single decision in which a Louisiana state or federal court held that, under a factual scenario similar to that of this case, presenting allegations that an insurer misinterpreted its own insurance policy, failed to promptly initiate adjustment of a claim, and failed to provide a defense to its insured, the insured cannot recover attorneys' fees from that insurer as an element of damages under Section 1973.

Evanston is essentially arguing that it should be insulated from damages in the form of attorneys' fees because a third party – Aspen – provided Technical with a defense.  It is an undisputed fact that Steve Grubbs was retained by Aspen to represent Technical in the underlying litigation.  It is equally undisputed that Evanston did not provide Technical with counsel in the underlying litigation.  It is also undisputed that it was through the efforts of Gerald deLaunay, the attorney Technical hired to monitor the underlying litigation, that Evanston's error in interpreting its policy was discovered.  Evanston has not provided any authority for

its position that, under this scenario, attorneys' fees cannot be recovered as consequential damages under Section 1973.  Therefore, Evanston has not established that it is entitled to summary judgment in its favor.

Evanston's final argument is that, to the extent that Technical is seeking to recover attorneys' fees under La. R.S. 22:1892, it is limited to recovering the attorneys' fees it incurred in prosecuting bad faith claims under that statute.  This argument is confusing.  Evanston's motion is for partial summary judgment with regard to Technical's claimed bad faith *damages*.  Such damages are recoverable for a breach of the insurance contract or under La. R.S. 22:1973(A).  As noted above, the Court interprets Evanston's motion as addressing statutory damages only.  But Section 1892 does not address the recovery of damages; instead, it provides for the assessment of *penalties* under certain circumstances.  Technical alleges, among other things, that Evanston failed to comply with the requirements of Section 1892(A)(3), which requires an insurer to initiate loss adjustment within fourteen days after notification of the loss.  Such a failure subjects the insurer to the penalties provided for in Section 1973, which may include an award of double the damages sustained as a result of the insurer's breach of its statutory duties.  Therefore, if attorneys' fees are recoverable as an element of damages under Section 1973, then they may be used as a basis for calculating a penalty imposed under Section 1892.  As noted above,

Evanston has not established that attorneys' fees are not a recoverable element of damages under Section 1973.  The Court also notes that an award of attorneys' fees is mandatory if it is determined that Section 1892 has been breached.[11]  Therefore, Evanston has not established that Technical's recoverable attorneys' fees under Section 1892 are limited to the amount of attorneys' fees Evanston incurred in prosecuting bad faith claims under that statute.

Whether an insurer acts in good faith is a factual determination[12] that must, in this case, be left to the jury.  Similarly, whether Technical was damaged was Evanston's actions is a factual issue for the jury to decide.  Accordingly, Evanston's motion for partial summary judgment with regard to Technical's claim for bad faith damages is denied.

Signed at Lafayette, Louisiana, this 12th day of February 2015.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[11]    *Calogero v. Safeway Ins. Co. of Louisiana*, 1999-1625 (La. 01/19/00), 753 So. 2d 170, 174.

[12]    *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 300 (5th Cir. 2009).